■ SUSAN RUBEN, Respondent, v PENINSULA COUNSELING CENTER, Appellant. [739 NYS2d 741] —In an action, inter alia, to recover damages for breach of implied contract, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Martin, J.), entered April 11, 2001, as denied that branch of its motion which was to dismiss the plaintiff's second cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to dismiss the plaintiff's second cause of action is granted, and the complaint is dismissed in its entirety.

The plaintiff was employed by the defendant for 24 years before her employment was terminated in July 2000. She brought the instant action, alleging breach of contract and breach of implied contract, based on the defendant's failure to pay her severance payments in accordance with a 1996 Personnel Code (hereinafter the Code) issued by the defendant. The Supreme Court, inter alia, granted that branch of the defendant's motion which was to dismiss the cause of action alleging breach of contract, but denied that branch of the motion which was to dismiss the cause of action alleging breach of implied contract. We reverse the order insofar as appealed from and dismiss the action in its entirety.

The Supreme Court improperly denied that branch of the defendant's motion which was to dismiss the plaintiff's claim alleging breach of implied contract. The plaintiff's claim, that she was entitled to severance pay, is based on a provision in the defendant's Code. However, the Code expressly provided that the policies contained therein were "subject to change at the sole discretion of [the defendant]." Before terminating the plaintiff's employment in 2000, the defendant revised the Code by eliminating the provision entitling employees to severance pay. Here, the plaintiff, who relies on the Code in attempting to impose liability on the defendant, must be held subject to the Code's revision. Thus, the plaintiff cannot reasonably impose an implied obligation on the defendant requiring it to provide her with severance pay upon terminating her employment (*see Lobosco v New York Tel. Co.*/*NYNEX,* 96 NY2d 312, 316-317; *see also Maas v Cornell Univ.,* 94 NY2d 87, 93-94; *Matter of De Petris v Union Settlement Assn.,* 86 NY2d 406). Ritter, J.P., Goldstein, Friedmann and Luciano, JJ., concur.